IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-00990-RM-MEH

POR BOY STORES, INC. d/b/a Portice Carpet One,

 Plaintiff,

v.

TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,

 Defendant.

_____

**ORDER**
_____

  This insurance lawsuit is before the Court on cross motions for summary judgment and partial summary judgment and three motions to preclude or strike testimony. (ECF Nos. 45, 47, 48, 49, 51.) The motions have been fully briefed. (ECF Nos. 54, 55, 57, 59, 60, 65, 66, 69, 70, 72.) The Court grants Plaintiff's Motion for Partial Summary Judgment and grants in part Defendant's Motion for Summary Judgment. The motions are otherwise denied.

**I. BACKGROUND**

  In May 2017, a hailstorm damaged Plaintiff's commercial property. Plaintiff filed a claim with Defendant, its insurer, the following day. Upon investigation, Defendant determined that there was some hail damage but also that some damage was due to wear and tear and thus not covered under Plaintiff's policy. In June 2017, Defendant issued a payment of $10,026.89—the estimated replacement cash value minus depreciation and Plaintiff's $1,000 deductible—and closed its file.

In April 2018, Plaintiff supplemented its claim, stating that the roof might need to be replaced and providing an estimate of $225,767.01. Defendant reinspected the property and issued an additional payment of $4,721.98 in October 2018.

In July 2019, Plaintiff invoked the appraisal provision of its policy and designated David Phalen as its appraiser. Defendant designated Dino Hacker as its appraiser. The appraisers were unable to agree on the amount of loss, so, following the procedure set forth in the policy, Michael Murcin served as the panel umpire. In November 2019, Messrs. Phalen and Murcin signed an appraisal award stating a replacement cost value of $357,795.19. In December 2019, Defendant issued a payment of $201,667.32, withholding amounts awarded for code upgrades and depreciation pending completion of the repairs. In July 2020, after some adjustments to the appraisal award, Defendant issued a final payment of $121,701.75.

Plaintiff filed this lawsuit in state court, and it was removed to this Court in April 2020. Plaintiff asserts claims for breach of contract, bad faith, and unreasonable delay or denial of benefits under Colo. Rev. Stat. §§ 10-3-1115 and -1116.

## II.     LEGAL STANDARDS

### A.     Expert Testimony

"A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. "The proponent

of expert testimony bears the burden of showing that its proffered expert's testimony is admissible." *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009). The Court has the duty to act as a gatekeeper by ensuring that an expert's testimony rests on a reliable foundation and is relevant to the task at hand. *Bill Barrett Corp. v. YMC Royalty Co., LP*, 918 F.3d 760, 770 (10th Cir. 2019).

If the Court determines that an expert is sufficiently qualified to render an opinion, it must then determine whether the expert's opinion is reliable by assessing the underlying reasoning and methodology. *See id.* In doing so, the Court considers (1) whether the testimony is based on sufficient facts or data, (2) whether it is the product of reliable principles and methods, and (3) whether the expert has reliably applied the principles and methods to the facts of the case. *See* Fed. R. Evid. 702(b)-(d).

If the evidence is sufficiently reliable, the Court then evaluates whether the proposed evidence or testimony is sufficiently relevant that it will assist the jury in understanding the evidence or determining a fact at issue. *See Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 884 (10th Cir. 2005). The Court has discretion in how it performs its gatekeeper function. *See Goebel v. Denver & Rio Grande W. R.R. Co.*, 215 F.3d 1083, 1087 (10th Cir. 2000).

**B.   Summary Judgment**

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in its favor.

*Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

"The substantive law of the case determines which facts are material." *United States v. Simmons*, 129 F.3d 1386, 1388 (10th Cir. 1997). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Id.* at 251-52; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).

Where the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment bears the initial burden of showing an absence of any issues of material fact. *See Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 994 (10th Cir. 2019). If the moving party demonstrates that the nonmoving party's evidence is insufficient to establish an essential element of his claim, the burden shifts to it to set forth specific facts showing that there is a genuine issue for trial. *See id.* If it fails to make a showing sufficient to establish the existence of an element, summary judgment must be entered in favor of the moving party. *See id.*

"Cross motions for summary judgement are to be treated separately; the denial of one does not require the grant of another." *Palmer v. Shawnee Mission Med. Ctr., Inc.*, 355 F. Supp.

3d 1003, 1015 (D. Kan. 2018) (quotation omitted).

### III. ANALYSIS

#### A. Defendant's Motion to Exclude Testimony of Mr. Meier

In support of its claims for bad faith and unreasonable delay, Plaintiff has designated Douglas Meier to testify as an expert on insurance claims practices and procedures and insurance bad faith issues. Mr. Meier is an attorney who previously worked as a claims adjuster. In his report, he assesses Defendant's handling of Plaintiff's claim and concludes that, in his opinion, Defendant "breached its duty of good faith and fair dealing and . . . its delay and denial of payment was unreasonable because such delay and denial was without a reasonable basis." (ECF No. 47-1 a 15.) Applying "minimum insurance industry standards" derived from the Colorado Unfair Claims Settlement Practices Act, *see* Colo. Rev. Stat. § 10-3-1104(1)(h), Mr. Meier's overall assessment is based on his determinations that Defendant failed to conduct a reasonable investigation into whether the roof was reparable, failed to explain why it would not pay for a full roof replacement, misrepresented provisions of Plaintiff's policy, and failed to effectuate a prompt, fair, and equitable settlement. Plaintiff contends that Mr. Meier's opinions are not reliable and will not assist the jury, but the Court is not persuaded to grant its Motion.

The central issue to Plaintiff's bad faith claims is the reasonableness of Defendant's conduct, which "is determined objectively, based on proof of industry standards." *Etherton v. Owners Ins. Co.*, 829 F.3d 1209, 1227 (10th Cir. 2016). Accordingly, Mr. Meier may testify about what he believes to be the relevant industry standards, notwithstanding his training as an attorney. He may also explain, based on his assessment of Defendant's handling of the matter, how its conduct did or did not comport with those standards. *See O'Sullivan v. GEICO Cas. Co.*,

233 F. Supp. 3d 917, 928 (D. Colo. 2017). Although "an expert's testimony may not usurp the jury's fact-finding function," *id.* (citing *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988)), "[a]n opinion is not objectionable just because it embraces an ultimate issue," Fed. R. Evid. 704. But Mr. Meier may not simply proclaim that Defendant acted unreasonably or violated insurance industry standards. Nor may he offer ultimate legal conclusions and "simply tell the jury what result it should reach without providing any explanation of the criteria on which that opinion is based or any means by which the jury can exercise independent judgment." *O'Sullivan*, 233 F. Supp. 3d at 929 (quotation omitted). "Ultimately, the rejection of expert testimony is the exception rather than the rule." *Id.* at 922 (quotation omitted). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* (quotation omitted).

Therefore, although the Court denies the Motion, the Court will consider objections at trial based on unsupported opinions relevant to the ultimate issue of whether Defendant's handling of Plaintiff's claim was unreasonable.[1]

B. **Defendant's Motion to Exclude Testimony of Mr. Murcin**

Defendant's Motion seeks to have excluded opinion of testimony of Mr. Murcin, the panel umpire, regarding the cause of the damage to Plaintiff's roof. As discussed below, however, the Court is granting Plaintiff's Motion for Partial Summary Judgment and ruling that the appraisal award conclusively establishes that the May 2017 hailstorm caused the damage to

---

[1] As the Court has cited *O'Sullivan*, 233 F. Supp. 3d at 924-30, multiple times and finds the proposed testimony in that case is analogous to that of Mr. Meier, the Court anticipates it will similarly limit Mr. Meir's testimony at trial.

Plaintiff's roof. From the Court's perspective, this largely moots Defendant's Motion. To the extent Defendant still objects to Mr. Murcin's testimony on this topic, the Court finds such objections are better addressed at trial, and the Motion is denied.

      **C.**      **Plaintiff's Motion to Strike the Expert Opinions of Mr. Smoot**

After Plaintiff supplemented its initial claim, Defendant retained Dustin Smoot of Pie Consulting & Engineering to reinspect the property and prepare a report. Mr. Smoot, a registered roof consultant and registered roof observer, performed an inspection on in August 2018, fifteen months after the hailstorm. The observation report drafted by Mr. Smoot states, in pertinent part, as follows:

> It is Pie's determination, based on a reasonable degree of engineering certainty, the roof was subject to the large hailstorm on May 8, 2017. The main field of the built-up roof was not damaged by the hail impacts. . . .
>
> The professional determinations presented in this report have been developed using that degree of care and skill ordinarily exercised under similar circumstances by professional engineers practicing in this locality.

(ECF No. 51-2 at 9-10.) The report indicates that it was "[o]bserved by" Mr. Smoot and includes his stamp and signature. (*Id.* at 10.) The report also indicates that it was "[r]eviewed by" Rachel A. Schmidt, a licensed engineer, and includes her stamp and signature. (*Id.*)

In its Motion, Plaintiff seeks to strike Mr. Smoot's expert opinions, primarily because he is not an engineer and therefore "cannot testify to the opinions provided under the seal of an engineer who has not been disclosed as an expert witness." (ECF No. 51 at 2.) Plaintiff also seeks to preclude Mr. Smoot's testimony because Defendant "has refused to respond to discovery concerning Mr. Smoot's bias" by, in alia, responding to written discovery asking it to identify the number of times it has retained Pie Consulting & Engineering and the amount of

7

money it has paid that firm. (*Id.*) The Court declines to strike Mr. Smoot's testimony for the reasons below.

First, notwithstanding Mr. Smoot's lack of an engineering degree, the Court finds he has sufficient qualifications to opine on the condition of Plaintiff's roof. "The fields of knowledge which may be drawn upon are not limited merely to the 'scientific' and 'technical' but extend to all 'specialized' knowledge." Fed. R. Evid. 702 advisory committee's note to 1972 proposed rules. According to his affidavit submitted in response to Plaintiff's Motion, Mr. Smoot has over twenty-four years of experience with the design, installation, and repair of roofing systems and has been a registered roof consultant for more than ten years. The affidavit describes Mr. Smoot's additional certifications and qualifications, none of which is meaningfully challenged by Plaintiff. Nor does Plaintiff meaningfully challenge the reliability of Mr. Smoot's methods or that his opinions would be helpful to the jury.

Second, to the extent Plaintiff contends that the opinions in the observation report are unfairly prejudicial because they bear the imprimatur of an engineer, the Court finds any such prejudice can by mitigated through effective cross-examination and argument at trial.

Third, to the extent Plaintiff seeks exclusion of Mr. Smoot's opinions as a discovery sanction, the Court finds that striking those opinions is disproportionate to the alleged lack of cooperation by Defendant. Even if there were a disclosure violation, "[t]he decision to exclude evidence is a drastic sanction." *Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997).

Therefore, the Motion is denied. Should Mr. Smoot explicitly provide "engineering" opinions at trial, the Court will consider any objections at that time.

D.      **Defendant's Motion for Summary Judgment**

Defendant seeks dismissal of Plaintiff's breach of contract claim on the basis that it paid the appraisal award, and therefore Plaintiff cannot prove that it failed to perform the contract or any damages. *See generally W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (setting forth elements of a claim for breach of contract under Colorado law). In response, Plaintiff contends that Defendant failed to perform by designating an appraiser who was not impartial. Even if that amounts to a failure to perform under the policy, however, since Plaintiff's appraiser and the panel umpire agreed on the appraisal award, there is no evidence raising a genuine issue as to damages on the current record. Alternatively, the Court finds Plaintiff has not alleged any independent facts to support any breach of contract damages that would not be subsumed by Plaintiff's bad faith and unreasonable delay claims. Accordingly, the Court concludes Defendant is entitled to summary judgment on Plaintiff's breach of contract claim.

Defendant argues it is entitled to summary judgment on Plaintiff's bad faith and unreasonable delay claims on the basis that, as a matter of law, it reasonably handled Plaintiff's claim. Plaintiff contends that genuine issues of material fact preclude judgment on the issue of reasonableness. The Court agrees with Plaintiff.

"What constitutes reasonableness under the circumstances is ordinarily a question of fact for the jury. However, in appropriate circumstances, as when there are no genuine issues of material fact, reasonableness may be decided as a matter of law." *Fisher v. State Farm Mut. Auto. Ins. Co.*, 419 P.3d 985, 992 (Colo. App. 2015) (quotation omitted).

Here, Plaintiff argues that Defendant's initial payments of roughly $15,000 on a claim on

9

which Defendant ultimately paid over $330,000 could persuade a jury that it acted unreasonably or that its investigation was inadequate. Plaintiff also points to evidence in the form of the panel umpire's testimony indicating that Defendant's initial payments grossly understated the extent of the damage sustained in the hailstorm. And Plaintiff points to the conclusions of its industry expert, Mr. Meier, as well as the public adjuster it hired and Defendant's initial adjuster of the claim. Based on the current record, the Court cannot rule out the possibility that a reasonable jury could find Defendant unreasonably handled Plaintiff's claim. Therefore, Defendant is not entitled to summary judgment on Plaintiff's bad faith and unreasonable delay claims.

### E. Plaintiff's Motion for Partial Summary Judgment

In its Motion, Plaintiff seeks a ruling that, as a matter of law, the appraisal award is binding as to the amount of loss to Plaintiff's store caused by the May 2017 hailstorm. The Court agrees that such a ruling is appropriate under the circumstances.

The appraisal provision of Plaintiff's policy is clear: "A decision agreed to by any two [appraisers] will be binding." (ECF No. 50-2 at 38.) Defendant does not dispute that the parties followed the appraisal process and reached a determination as to the value of Plaintiff's claim. Nonetheless, it argues that it is not bound by the appraisal award because the panel umpire failed to perform a thorough investigation into the cause of the damage to Plaintiff's property.

In another case involving Defendant and the same appraisal provision, the United States Court of Appeals for the Tenth Circuit concluded "that the Colorado Supreme Court, if faced with the issue, would recognize that the ordinary meaning of the phrase 'amount of loss' encompasses causation issues." *BonBeck Parker, LLC v. Travelers Indem. Co. of Am.*, 14 F.4th 1169, 1181 (10th Cir. 2021). Thus, once the appraisal panel makes a factual finding on how

10

much hail damage occurred, Defendant "can't rehash that finding, but it can deny the claim for a host of other reasons having nothing to do with the cause of the damages." *Id.* at 1180. This does not mean Defendant cannot explain to the jury why it handled Plaintiff's claim in the way that it did or otherwise contest in court the ultimate coverage question under the Policy as a legal matter. As Plaintiff concedes in its Reply brief, Defendant "will be free to argue that its pre-appraisal inspections and payments were reasonable because it thought Plaintiff's store was damaged by wear and tear rather than 3-inch hail." (ECF No. 66 at 14.) But the Court finds the appraisal award conclusively established the amount and cause of the loss at issue in this case and therefore grants Plaintiff's Motion.

### IV. CONCLUSION

Therefore, the Court ORDERS as follows with respect to the pending Motions:

(1) Defendant's Motions to Exclude (ECF Nos. 47, 48) are DENIED;

(2) Plaintiff's Motion to Strike (ECF No. 51) is DENIED;

(3) Defendant's Motion for Summary Judgment (ECF No. 45) is GRANTED IN PART and DENIED IN PART; and

(4) Plaintiff's Motion for Partial Summary Judgment (ECF No. 49) is GRANTED.

DATED this 8th day of June, 2022.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge